**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Sandra Johnson,** | ) | **CASE NO. 1:11 CV 2530** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Tyrone Johnson, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

**Introduction**

This matter is before the Court upon defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 9). This case arises out of plaintiff's former employment with defendants. For the following reasons, the motion is GRANTED.

**Facts**

Plaintiff Sandra Johnson, proceeding *pro se*, filed an Amended Complaint against defendants Tyrone Johnson, Peter Stewart, Ronald O'Leary, David Cooper[1], Thomas Vanover, Edward Rybka, and Nicole West. All defendants are, or were, employed by the City of

---

[1] This individual is not named in the heading of the Complaint, but is identified as a defendant in the body of the Complaint.

Cleveland.  Generally, the Complaint alleges the following.  Plaintiff was employed by the City of Cleveland as a building inspector for 14 years until she was terminated in March 2011.  In 2002, she rebuffed a sexual advance by Tyrone Johnson who then engaged in a quest to destroy plaintiff's career.  The other defendants conspired with Johnson by forcing her to give her signature of approval although certain inspections had failed. A non-African American female was not disciplined or terminated for similarly refusing to sign off on an inspection.  Defendant Rybka was negligent in allowing the situation to continue.  Nicole West moved plaintiff out of her union position.  Defendants retaliated against plaintiff for testimony she gave in a deposition regarding another employee who had been terminated. Plaintiff alleges violations of Title VII, RICO, and unfair labor practices laws.  She asserts that she was sexually harassed, threatened, coerced, racially discriminated against, subjected to a hostile work environment, and retaliated against.

This matter is now before the Court upon defendants' Motion to Dismiss Plaintiff's Amended Complaint.

**Standard of Review**

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) ).  In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton*

*v. Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir.1997). "To survive a Rule 12(b)(6) motion, the nonmoving party must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level."*ABS Industries, Inc. ex rel. ABS Litigation Trust v. Fifth Third Bank,* 2009 WL 1811915 (6th Cir. June 25, 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir.2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In *Twombly*, the court held that to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556.

### Discussion

Defendants argue that the Amended Complaint should be dismissed on the following grounds. It contains only generalized allegations of unlawful conduct with no specific allegations setting forth a prima facie case as to any of plaintiff's claims. Plaintiff appears to attempt to hold defendants personally liable under Title VII although the Sixth Circuit has held otherwise. Plaintiff fails to plead with any specificity her RICO claim.[2] For the following reasons, the Court agrees that dismissal of the Amended Complaint is warranted.

First, plaintiff only names individual employees of the City of Cleveland and asserts that

---

[2] Plaintiff filed a brief in opposition and an amended brief in opposition, but defendants did not file a reply brief.

their actions violated Title VII. Plaintiff did not name the City of Cleveland as a defendant.[3] The Sixth Circuit has clearly held that these employees cannot be held individually liable under the statute. *Wathen v. Gen. Elec. Co.,* 115 F.3d 400, 405 (6th Cir.1997) ("We now hold that an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII."); *Weigold v. ABC Appliance Co.,* 105 Fed.Appx. 702 (6th Cir. 2004) (*citing Gwen v. Regional Transit Auth.*, 7 Fed.Appx. 496, 500 n. 3 (6th Cir.2001) (*citing Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir.1997)) ( "A co-worker who does not otherwise qualify as an "employer" may not be held personally liable for creating a sexually hostile work environment under Title VII.")

The Court notes that the Amended Complaint does state that defendants' acts were committed "while working in their official capacities." The Sixth Circuit has not yet resolved whether a supervisor may be held liable under Title VII in his official capacity. *See Little v. BP Exploration & Oil Co.,* 265 F.3d 357 (6th Cir. 2001). However, even assuming plaintiff could bring such a claim, she would have to make a showing that the individuals had significant control over her hiring, firing, and working conditions such that they could be considered the "alter ego" of the City of Cleveland. *Id.* Plaintiff fails to allege such.[4]

---

[3]  The original Complaint named the City of Cleveland as the defendant, but that document is "a nullity because an amended complaint supercedes all prior complaints." *111 Debt Acquisition Holdings, LLC v. Six Ventures LTD,* 413 Fed.Appx. 824 (6th Cir. 2011) (citations omitted). Furthermore, plaintiff was previously instructed to amend her complaint and was informed that an amended pleading supercedes the original pleading.

[4]  The Court notes that defendants argue that dismissal is warranted because the Amended Complaint does not contain specific allegations setting forth a prima facie case. However, a Title VII complaint need not contain factual allegations

(continued...)

Second, a violation of the Racketeer Influenced and Corrupt Organizations Act (RICO) based on the conduct of an enterprise's affairs requires: (1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity. *Heinrich v. Waiting Angels Adoption Services*, 668 F.3d 393 (6th Cir. 2012). Plaintiff merely refers to RICO and makes absolutely no allegations satisfying any of these elements.

Third, plaintiff has not demonstrated that she has exhausted her administrative remedies with regard to her unfair labor practices allegation brought under Ohio Revised Code § 4117.11 as she is required to do. *Zafirau v. Cleveland Municipal School Dist.,* 448 Fed. Appx. 531 (6th Cir. 2011) ("[A]cts which constitute unfair labor practices under § 4117 are subject to the exclusive jurisdiction of the State Employment Relations Board ("SERB"), [and] the courts cannot review such claims on primary jurisdiction... An appellant may only seek relief from the courts after he or she has exhausted the administrative remedy provided through SERB.")

For these reasons, the Court finds that the Amended Complaint fails to state a claim.

**Conclusion**

For the foregoing reasons, defendants' Motion to Dismiss Plaintiff's Amended Complaint is granted.

IT IS SO ORDERED.

---

[4](...continued)
that support each element of a prima facie case. *Jackson v. Crosset Company*, 33 Fed.Appx. 761 (6th Cir. 2002) (citing *Swierkiewicz v. Soreman N.A.,* 534 U.S. 506 (2002).

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 4/30/12